# IN THE COURT OF APPEALS OF IOWA

No. 16-0324
Filed March 22, 2017

**JOEY DUPREE COATES,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Douglas F. Staskal,
Judge.

Joey Dupree Coates appeals from the denial of his application for
postconviction relief. **AFFIRMED.**

Karmen Anderson of the Law Office of Karmen Anderson, Des Moines, for
appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant
Attorney General, for appellee State.

Considered by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

**DANILSON, Chief Judge.**

Joey Dupree Coates pled guilty to second-degree murder and first-degree robbery (offenses that occurred on different dates) pursuant to a plea agreement in which the State agreed to recommend concurrent sentences.

Coates appeals from the denial of his application for postconviction relief (PCR).  Coates contends his first trial attorney, who was replaced,[1] and his PCR counsel were ineffective.  He argues at length that the attorney who was replaced did not follow ethical guidelines concerning a client having the final word as to a trial defense.  However, at the PCR trial Coates was asked: "So is it fair to say we can remove [the first trial counsel] from your petition and allegations and just focus on [counsel who was substituted]?"  Coates responded, "Yes."  Coates waived any claim concerning his first trial counsel, and we will not address those claims here.  *See DeVoss v. State*, 648 N.W.2d 56, 63 (Iowa 2002) (finding State waived an issue).

Coates asserts substitute counsel coerced him into pleading guilty and his PCR counsel did not adequately present his case.  Generally, our review of PCR proceedings is for correction of errors at law.  *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001).  "However, when the applicant asserts claims of a constitutional nature, our review is de novo.  Thus, we review claims of ineffective assistance of counsel de novo."  *Id.*

"To prevail on a claim of ineffective assistance of counsel, a claimant must satisfy the *Strickland* [*v. Washington*, 466 U.S. 668 (1984),] test by showing '(1)

---

[1] Two attorneys originally represented Coates; Coates' complaints were with lead counsel but both were dismissed when substitute counsel was appointed.

counsel failed to perform an essential duty; and (2) prejudice resulted.'" *State v. Clay*, 824 N.W.2d 488, 495 (Iowa 2012) (citation omitted). "Both elements must be proven by a preponderance of the evidence. However, both elements do not always need to be addressed. If the claim lacks prejudice, it can be decided on that ground alone without deciding whether the attorney performed deficiently." *Ledezma*, 626 N.W.2d at 142 (citations omitted).

At the plea hearing, the district court carefully conducted the plea colloquy. Coates stated he was pleading guilty voluntarily and that he was satisfied with his substitute plea counsel's representation. His plea counsel informed the court that possible defenses had been explored with Coates and they had determined any defenses would not be successful. When asked to provide the factual bases for his guilty pleas, Coates stated, "I shot [the victim] intentionally in the wee hours of November 2, 2011," and "the end result, the victim died." He also stated: "It was probably about the afternoon of October 17th, 2011, I intentionally went into the Valero gas station and went to intentionally rob the Valero gas station . . . and I meant to put the clerk in a great amount of fear." The court found each plea was voluntary. The court imposed concurrent prison terms in accordance with the plea agreement.

Our supreme court has stated, "[W]hen a postconviction relief claim following a guilty plea is properly alleged, a case-by-case analysis is necessary 'to determine whether counsel in a particular case breached a duty in advance of a guilty plea, and whether any such breach rendered the defendant's plea unintelligent or involuntary.'"

*Castro v. State*, 795 N.W.2d 789, 793 (Iowa 2011) (quoting *State v. Carroll*, 767 N.W.2d 638, 644 (Iowa 2009)).

But during his PCR trial, Coates confirmed he "made a voluntary decision that it was better for [him] to accept a plea than ask for a new attorney and fight for [his] innocence." And he confirmed he knew how to express his displeasure and request another attorney if he thought his substitute counsel's performance was somehow deficient. Upon our independent review of the circumstances, Coates cannot show PCR counsel's performance prejudiced him in any way. As the PCR court noted, Coates had previously demonstrated that he "knew how to complain" about attorneys "and was not shy about doing so." Considering Coates' testimony and his affirmations of voluntariness during his plea colloquy, he has failed to establish substituted counsel "coerced" him to plead guilty—that claim is contradicted by the record. Moreover, as aptly observed by the PCR court,

> Remarkably, [Coates'] attorneys secured a plea agreement that resulted in Coates' avoiding a sentence of life imprisonment without possibility of parole in a case where the evidence of his guilt of murder was overwhelming. Beyond that, the plea agreement essentially resulted in his not serving any prison time for committing first degree robbery, a crime completely separate and independent of the murder he committed. Coates has fallen far short of proving any ineffective assistance by his defense counsel in defending him. There is no evidence that his attorneys coerced him into pleading guilty and the record of his guilty pleas belies that contention.

We affirm the denial of Coates' application for postconviction relief.

**AFFIRMED.**